# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY PRATT,

    Plaintiff,

v.                                             Case No. 04-C-839

DAVE TARR,
LT. PAMELA ZANK,
CAPTAIN MICHAEL DITTMANN,
AND JOAN BRAUN,

    Defendants,

## ORDER

Plaintiff Anthony Pratt filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Wisconsin. United States District Judge John C. Shabaz[1] granted plaintiff's petition to proceed in forma pauperis on claims that he was denied access to the courts while incarcerated at the Kettle Moraine Correctional Institution (KMCI). Plaintiff is currently incarcerated at the United States Penitentiary in Pine Knot, Kentucky.

On September 30, 2004, plaintiff filed a motion for summary judgment. Defendants were granted two extensions of time in which to respond and on April 14, 2005, they filed a cross-motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) along with a response to plaintiff's summary judgment motion. Plaintiff has not filed a response to the motion to dismiss. Instead, he filed two motions for production of documents requesting that

---

[1] On August 31, 2004, Judge Shabaz transferred venue in this case to the Eastern District of Wisconsin because the action arose in this district and the defendants reside here. The case was initially assigned to Magistrate Judge William E. Callahan. However, the parties did not consent to magistrate judge jurisdiction and therefore on September 28, 2004, this case was reassigned to me.

a copy of the case file be provided to him, because he was recently transferred to a new institution and not allowed to bring the file with him.

Plaintiff's motion for summary judgment is ready for resolution and will be addressed herein. A copy of the case file will be provided to plaintiff, and he will be granted additional time to respond to defendants' motion to dismiss.

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

The party moving for summary judgment bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may satisfy its initial burden simply by pointing out that there is an absence of evidence to support the non-moving party's case. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). When both parties have moved for summary judgment, both are required to show that no genuine issues of fact exist, taking the facts in the light most favorable to the party opposing each motion. If issues of fact exist, neither party is entitled to summary judgment. Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voight, 700 F.2d 341, 349 (7th Cir. 1983).

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's motion for summary judgment consists of a supporting brief, an affidavit authenticating exhibits, and numerous exhibits. He has not filed any proposed findings of fact. Plaintiff appears to be relying on his numerous exhibits to support arguments set forth in his brief. The exhibits are organized by defendant (e.g., Dave Tarr's Exhibits, Michael Dittman's Exhibits, Pamela Zank's Exhibits, and Joan Braun's Exhibits), and are "authenticated" by an "Affidavit of Anthony Pratt Authenticating Documents." This affidavit states in its entirety:

> I, Anthony Pratt, upon all records, files and proceedings, and under oath do hereby depose and state that all exhibits and affidavits are authenticated documents to be used in this Motion for Summary Judgment now before this court. By affixing my signature below I assume all penalties of perjury subject to criminal liabilities.

The first section of plaintiff's supporting brief, titled "Statement of the Case," sets forth the procedural history of this case. That section also asserts that while incarcerated at KMCI, plaintiff filed six inmate grievances relevant to this lawsuit. Those six grievances are:

1. KMCI-2004-1159, complaining that his personal property had not yet arrived at KMCI from when he was transferred from another institution, and that he had pending litigation contained in that property.

2. KMCI-2004-2954, complaining that he was not allowed to keep all of his legal property, but was only allowed to have three folders, despite having to prepare responses to pending litigation for himself and others.

3. KMCI-2004-2924, complaining that the clear plastic pens sold in the institution canteen were not adequate to allow him to penetrate carbon paper, which he needs to make adequate copies of his court pleadings due to his inability to pay the cost of copies, and that the pens were inadequate because his writing hand was broken in the past making it unbearable for usage over a long period of time.

4. KMCI-2004-3780, requesting that a desk and chair be installed in all segregation cells so that inmates would have meaningful tools to adequately prepare briefs, responsive briefs, and motions to the courts, as all inmates who had multiple pending litigations were forced to write in their laps as the only desk and chair available was contained in the segregation starter library and shared by all.

5. KMCI-2004-6323, challenging his finding of guilt on Conduct Report No. 1349462 relating to alleged possession of stolen books and contraband while out-of-state.

6. KMCI-2004-7048, complaining that his legal mail to a district court had been interfered with and his right of access to the courts violated when the complaint he gave segregation unit officer to forward to the Business Office for processing was delayed by seven days without a legitimate penological interest.

In the next section of his supporting brief, plaintiff sets forth the following four arguments:

**ARGUMENT I**: Defendant Dave Tarr Denied "Access to the Courts" By Requiring Petitioner Trade for Different Legal Materials. Plaintiff asserts that defendant Tarr did not allow plaintiff to keep all of his legal materials in his cell at the same time. Rather, pursuant to administrative regulations, Tarr allowed plaintiff only as many legal materials as would fit in a 20x20x20 inch in-cell receptacle, and required plaintiff to exchange legal materials for others as he needed to work on them. Plaintiff states that other inmates' pending and

contemplated litigation was denied by defendant Tarr's actions. Plaintiff describes himself as a "jailhouse lawyer" and states that KMCI, through defendant Tarr, has impeded plaintiff from assisting other inmates. Tarr's actions have also made it impossible for plaintiff:

> to effectively pursue or respond to pending civil and criminal claims of his own, by not only denying adequate storage receptacles in each cell in order to possess all personal legal property, as found in DOC 309.20(3)(f), it/they also denied adequate access to the courts by failing to provide all the fundamental tools necessary i.e. (Desk/Chair and all personal legal property) to properly draft briefs and motions to the courts, thereby forcing plaintiff and others to draw-up briefs/motions from their lap, (as the segregation unit doubles each inmate in a cell which prevented installation of a desk or chair by design), and subjects the inmate to rely on the only documents, case law or case files in his possession. The Defendants have also allowed the KMCI Segregation Unit staff to implement an unwritten policy/rule to: (2) deny inmates access to personal legal property to pursue any contemplated litigations, when this policy allows access to "active" case file materials only and this unwritten rule; (3) subjects all inmates who are not only found guilty of a major rule violation while in segregation status, to being denied any "carbon paper" for the duration of their adjustment he his [sic] serving. This unwritten policy/rule also places a limitation of only three (3) sheets of carbon paper to that inmate he may request retrieved from his personal property once returned to his program status, irregardless of the amount of litigation he may be pursuing at one time, outside DOC 303 and 309 mandates.

(Pl.'s Mot. for Summ. J. at 10-11.)

**ARGUMENT II**: Defendant Pamela Zank caused "Actual Injury" when Denying Plaintiff Access to Personal Legal Materials. Plaintiff asserts:

> Defendant Zank has caused actual injury by (1) refusing to respond to multiple interview requests regarding the release of personal legal property; (2) to authoring her staff not to release personal legal property to plaintiff; (3) to destroying plaintiff's personal legal property; (4) requiring plaintiff and all others to adhere to a KMCI policy mandating all personal property requests by completing a property request form and; (5) by withholding "carbon paper" for those inmates who are serving adjustment, all of which constitutes a fundamental denial of access to the courts.

Id. at 14.

**ARGUMENT III**: Defendant Michael A. Dittman Denied Plaintiff Access to the Courts.

Plaintiff contends that defendant Dittman denied him access to the courts because Dittman

condoned the actions of his subordinates, Tarr and Zank, in denying plaintiff's access to the courts.

**ARGUMENT IV**: Defendant Braun Denied Access to the Court. Plaintiff asserts that defendant Braun, as KMCI Financial Specialist, denied his access to the courts by "usurping her authority to contacting by telephone the Wisconsin Supreme Court & the United States District Court for the District of Minnesota inquiring about filing fees owed by plaintiff and assessing these fines to plaintiff's account, without a court order or notice from these courts." Id. at 16-17. Plaintiff further asserts that Braun caused a seven-day delay in mailing plaintiff's proposed complaint to the Western District of Oklahoma.

Civil Local Rule 56.2 provides in relevant part:

Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L.R. 7.1. In addition, with the exception of Social Security reviews the following requirements must be met:

(a) Motion. The moving papers must include either (1) a stipulation of facts between the parties, or (2) the movant's proposed findings of facts supported by specific citations to evidentiary materials in the record (e.g., pleadings, affidavits, depositions, interrogatory answers, or admissions), or (3) a combination of (1) and (2).

 (1) The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law, including those going to jurisdiction and venue, to the identity of the parties, and to the background of the dispute.

 (2) Factual propositions must be set out in numbered paragraphs, with the contents of each paragraph limited as far practicable to a single factual proposition.

Civil L.R. 56.2(a) (E.D. Wis.).

Review of plaintiff's motion for summary judgment results in the conclusion that it fails to comply with the Local Rules. "Although civil litigants who represent themselves ("pro se") benefit from various procedural protections not otherwise afforded to the attorney-represented

litigant . . . pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996). Plaintiff's motion for summary judgment could be denied because of his failure to include proposed findings of fact in the motion. However, in light of plaintiff's pro se status, I will consider the merits of the motion.

### III. ANALYSIS

Plaintiff seeks summary judgment "based upon the attached affidavits, based upon the entire file in this matter, and for the reasons explained in the accompanying memorandum and authorities of law." (Pl.'s Mot. for Summ. J. at 1.) Defendants assert that plaintiff has failed to describe any underlying claims or provide any evidence of actual injury in either his complaint or motion for summary judgment.[2]

It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.

To establish a denial of his constitutional right an inmate must show that the prison had deficient legal facilities and that he was hindered in his efforts to pursue a particular legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Alston v. Debruyn, 13 F.3d 1036, 1040-41 (7th Cir. 1994) (holding that inmate must establish (1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers and (2) some quantum of detriment caused by the challenged conduct). Even if the inmate can establish

---

[2] As noted above, in response to plaintiff's motion for summary judgment, defendants filed a cross-motion to dismiss along with a brief in opposition to plaintiff's motion for summary judgment and in support of defendant's motion to dismiss. Defendants' arguments are considered here to the extent that they respond to plaintiff's motion.

an "absolute deprivation of access to all legal materials," his claim will fail absent identification of some injury linked to the deprivation. Lewis, 518 U.S. at 353 n.4.

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id. at 351.

Moreover, the injury requirement is not satisfied by all types of frustrated legal claims.

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Id. at 355.

However, to establish injury an inmate need not show that if he had been provided with adequate legal facilities he would have prevailed in a lawsuit. Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998); see also Hoard v. Reddy, 175 F.3d 531, 533 (7th Cir. 1999). Rather, he need only show that he was prevented "from litigating a nonfrivolous case." Walters, 163 F.3d at 434.

Plaintiff's submissions do not demonstrate that he was prevented from litigating a nonfrivolous claim attacking his sentence or challenging the conditions of his confinement. A proper showing of prejudice is essential to establishing an access to the courts claim. See Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003) (to state a right of access to the courts claim, a prisoner must make specific allegations as to the prejudice suffered because

of the defendants' alleged conduct). Plaintiff's failure in this regard precludes summary judgment in his favor. Therefore, plaintiff's motion for summary judgment will be denied.

### IV. DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTIONS FOR PRODUCTION OF DOCUMENTS

In support of their motion to dismiss, defendants contend that, 1) they are entitled to judgment as a matter of law because plaintiff has failed to describe any underlying claims or provide any evidence of actual injury in either his complaint or motion for summary judgment, and 2) plaintiff's allegations regarding defendants' failure to supervise their subordinates must be dismissed because a 42 U.S.C. § 1983 claim cannot be based on a respondeat superior theory of liability.

Instead of filing a response to defendants' motion, plaintiff has filed two motions for production of documents requesting that a copy of the case file be provided to him pursuant to 28 U.S.C. § 1734(a).[3] According to plaintiff, he was recently released from the custody of the Wisconsin Department of Corrections (DOC) and granted parole to the Federal Bureau of Prisons to serve an additional sentence. The United States Marshal does not accept personal or legal property to be transferred with an inmate. Moreover, DOC policy is to destroy an inmate's property if not picked up within 30 days. Thus, plaintiff does not have his property from the DOC, including the file from this case. He asserts that he cannot adequately respond to defendants' motion to dismiss without the case file.

---

[3] That section provides in relevant part:

**§ 1734.    Court record lost or destroyed, generally**

(a) A lost or destroyed record of any proceedings in any court of the United States may be supplied on application of any interested party not at fault, by substituting copy certified by the clerk of any court in which an authentic copy is lodged.

Section 1734(a) does not provide for the relief plaintiff seeks and therefore his motions will be denied. However, under these circumstances, a copy of the case file will be provided to plaintiff. The clerk's office will be directed to forward a copy of the file to him. Plaintiff will be granted an extension of time until August 22, 2005, to respond to defendants' motion to dismiss.

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for summary judgment (Docket #20) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for production of documents (Docket #30) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for production of documents (Docket #31) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk's office shall forward to plaintiff a copy of the entire case file.

**IT IS FURTHER ORDERED** that plaintiff shall file a response to defendants' motion to dismiss on or before **August 22, 2005**.

Dated at Milwaukee, Wisconsin, this 11th day of July, 2005.

                                                s/Lynn Adelman
                                                LYNN ADELMAN
                                                District Judge