# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY PRATT,**

      **Plaintiff,**

v.                                                               Case No. 04-C-839

**DAVE TARR, LT. PAMELA ZANK,**
**CAPTAIN MICHAEL DITTMANN,**
**and JOAN BRAUN,**

      **Defendants,**

## ORDER

Plaintiff Anthony Pratt, who is currently incarcerated at the United States Penitentiary - McCreary, filed this <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983.[1] He was granted leave to proceed <u>in forma pauperis</u> on claims that he was denied access to the courts while incarcerated at the Kettle Moraine Correctional Institution ("KMCI"). Defendants have filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). This motion is ready for resolution and will be addressed herein.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. <u>N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend</u>, 163 F.3d 449, 452 (7th Cir. 1998). "Like Rule 12(b) motions, courts grant a

---

[1] Plaintiff filed this action in the United States District Court for the Western District of Wisconsin. On August 31, 2004, the case was transferred to the Eastern District, initially assigned to Magistrate Judge William E. Callahan. However, the parties did not consent to magistrate judge jurisdiction and therefore on September 28, 2004, this case was reassigned to me.

Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" N. Ind. Gun, 163 F.3d at 452 (quoting Craigs, Inc. v. Gen. Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993)). Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved. Id. The facts are viewed in the light most favorable to the nonmoving party, but facts set forth in the complaint that undermine the plaintiff's claim are not ignored. Id. In determining whether a motion for judgment on the pleadings is appropriate under Rule 12(c), I may consider the complaint, the answer, and any written instruments attached as exhibits. Id. at 452-53. The Seventh Circuit has interpreted "written instruments" to include documents such as affidavits, letters, contracts, and loan documentation. Id. at 453. Facts alleged in a brief in opposition to a motion to dismiss as well as factual allegations contained in other court filings of a pro se plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint. Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

## II. COMPLAINT ALLEGATIONS

Plaintiff was incarcerated at KMCI at all times relevant to this action. He alleges that defendant Dave Tarr violated his right of access to the courts by requiring plaintiff to exchange legal property in his possession for legal property that he wanted from storage; failing to ensure his subordinates provided him with "basic scribe materials, carbon paper, [and] a storage receptacle"; and by failing to ensure his subordinates released plaintiff's legal property to him. (Compl. ¶ IV.A.1.) Plaintiff alleges that defendant Pamela Zank continually refused to release his legal property to him, seized his legal materials, and wrote

a false conduct report regarding stolen law books. Plaintiff asserts that defendant Michael Dittman violated his right of access to the courts by allowing his subordinates to withhold plaintiff's legal property and authorizing a "sham" hearing for the conduct report regarding stolen law books. Plaintiff claims that defendant Joan Braun interfered with his legal mail and failed to mail a civil rights complaint for seven days.

## III. DISCUSSION

Defendants contend that they are entitled to judgment as a matter of law because plaintiff has failed to identify any actual injury from the alleged denial of access to the courts. Defendants further contend that plaintiff's allegations regarding defendants' failure to supervise their subordinates must be dismissed because a claim under § 1983 cannot be based on a respondeat superior theory of liability.

A prisoner claiming that he was denied access to the courts must show an actual injury from the denial, i.e. that he was hindered in his efforts to pursue a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-53 (1996); Alston v. DeBruyn, 13 F.3d 1036, 1040-41 (7th Cir. 1994). "Like any other elements of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher v. Harbury, 536 U.S. 403, 416 (2002). Thus, to avoid dismissal at the complaint stage, the plaintiff "must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct . . such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." Ortloff v. United

3

States, 335 F.3d 652, 656 (7th Cir. 2003). General allegations of prejudice are insufficient to state a claim of denial of access to the courts. Id.

In Ortloff, a prisoner's allegations that confiscation of his legal documents "severely prejudiced and adversely affected his ability to prosecute at least three pending lawsuits" failed to state an access to the courts claim because no specific prejudice was alleged. Id. at 655. A "right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves." Id. at 656 (citing Martin v. Davies, 917 F.2d 336, 340 (7th Cir. 1990)).

Defendants contend that plaintiff has failed to describe any underlying claims or describe any actual injury. Plaintiff responds:

> Plaintiff believes that he has set forth that there is specific litigation which is was [sic] either currently pending in front of a court or he was planning on bringing, but this access to courts was denied him by KMCI staff, as each attachment expressly shows that non[e] of the cases albeit (03-cv-00940-CNC) (03-1340), (03-3259), (04-1004), (04-C-189), (04IP4), (04IP5), (04-2413) or (05-1217) were frivolous.

(Pl.'s Cross-Motion to Dismiss at 10.)

Attached to plaintiff's response are exhibits consisting of documents related to the cases listed above. Case Number 03-C-940 (E.D. Wis.) is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Pl.'s Cross-Motion to Dismiss, Ex. 10.) The case is open and it is currently being litigated. In fact, on February 8, 2005, the court granted plaintiff's motion to amend and supplement his pleadings. (Id., Ex. 32.)

In Case Number 03-1340, the Wisconsin Court of Appeals affirmed the circuit court's denial of plaintiff's request for a trial de novo on a small claims action dismissed by the court

4

commissioner. (Id., Ex. 11.) On January 15, 2004, the Wisconsin Supreme Court deemed plaintiff's motion to extend the time in which to file a petition for review of the court of appeals' decision to be a timely petition for review. (Id., Ex. 14.)

In Case Number 03-3259 (D. Minn.), on March 4, 2004, the court granted the defendants' motion to dismiss plaintiff's § 1983 case with prejudice because (1) plaintiff's claims against the individual named defendants were moot because he was no longer in their custody; (2) plaintiff failed to state an actionable claim against defendant Corrections Corporation of America; and (3) plaintiff's claims for damages were barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) because he failed to plead physical injury. (Id., Exs. 22 and 23.)

In Case Number 04-1004 (8th Cir.), on March 11, 2004, the court entered an order stating, "Appellant's motion to supplement the record is hereby ordered taken with the case for consideration by the panel to which this case is submitted for disposition on the merits." (Id., Ex. 20.)

Case Number 04-C-189 (E.D. Wis.), a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, was filed on February 24, 2004. (Id., Ex. 28.) On April 15, 2004, the court denied plaintiff's motion for leave to proceed in forma pauperis and dismissed the case for lack of jurisdiction. (Id.) Plaintiff subsequently filed a notice of appeal. (Id.) However, on May 3, 2004, the court denied plaintiff's implied request for a certificate of appealability because the action was not properly brought under 28 U.S.C. § 2241 and because plaintiff had not made a substantial showing of the denial of a constitutional right. (Id., Ex. 29.)

5

Case Numbers 04 IP 4 and 04 IP 5 (Sheboygan County Circuit Court, Wis.), involve reconsideration of an order denying a waiver of filing fees. (Id., Ex. 30.) The court determined that plaintiff had funds to pay for Case No. 2004 IP 4 in full and that in Case No. 2004 IP 5, plaintiff would be allowed to file his action upon the payment of $85.15. The court also authorized the institution to withhold funds from both plaintiff's release and regular accounts.

In Case Number 04-2413 (8th Cir.), the court entered an order on February 14, 2005, that the judgment of the district court be reversed and the cause be remanded to the district court. (Id., Ex. 34.)

None of these exhibits indicate that plaintiff's ability to pursue his claims was in any way affected by defendants' alleged conduct. Several of the cases are ongoing, and plaintiff does not allege that defendants' actions affected those proceedings in any way. As to the cases resolved against plaintiff, he fails to allege – and the exhibits do not show – that defendants' alleged conduct contributed to the disposition. Finally, in neither his complaint or his responsive pleading does plaintiff provide more than general allegations that defendants hindered his ability to pursue these or any other non-frivolous legal actions. Therefore, defendants' motion to dismiss will be granted.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motion to for judgment on the pleadings (Docket #26) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 18 day of November, 2005.

/s_____
LYNN ADELMAN
District Judge

7