# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ANTHONY PRATT,**

       **Plaintiff,**

**v.**                                      **Case No. 04-C-839**

**DAVE TARR, LT. PAMELA ZANK,**
**CAPTAIN MICHAEL DITTMANN,**
**and JOAN BRAUN,**

       **Defendants,**

---

### ORDER

The pro se plaintiff, a state prisoner at all relevant times, brought a civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff was granted leave to proceed in forma pauperis on claims that he was denied access to the courts while incarcerated at the Kettle Moraine Correctional Institution. On November 18, 2005, I issued an order granting defendants' motion for judgment on the pleadings. Judgment was entered dismissing this action on November 21, 2005. Plaintiff appealed, and on February 16, 2006, I granted plaintiff's motion for leave to proceed in forma pauperis on appeal and ordered plaintiff to submit a certified copy of his prison trust account. Plaintiff has now done so.

Under the Prison Litigation Reform Act of 1996, a prisoner must pay the applicable filing fees in full for a civil action. 28 U.S.C. § 1915(a). If a prisoner does not have the money to pay the $255.00 filing fee in advance for an appeal, he can request leave to proceed in forma pauperis. To proceed with an action or appeal in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court along with a certified copy of the prisoner's trust account statement showing

transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial filing fee of twenty percent of the average monthly deposits to plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, which is greater. 28 U.S.C. § 1915(b)(1).

After the initial appellate fee is paid, the agency having custody of the plaintiff captures twenty percent of the income deposited to the plaintiff's prison trust account each month. Once the accumulated twenty percent deductions exceed $10.00, prison officials shall forward the accumulated deductions to the Clerk of the Court towards the plaintiff's appellate filing fee. Williams v. Litscher, 115 F. Supp. 2d 989, 991 (W.D. Wis. 2000). The District Clerk receives the appellate filing fee on behalf of the Court of Appeals. Fed. R. App. P. 3(e); Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), overruled on other grounds by Lee, 209 F.3d at 1026-27.

As is required, the present plaintiff filed an affidavit of indigency and a certified copy of his prisoner trust account statement for the six-month period preceding the filing of this action. A review of this statement reveals that, for the relevant six-month period, the average monthly deposit into plaintiff's prison account was $156.44 and the average monthly balance was $27.38. Thus, in accordance with § 1915(b)(1), plaintiff is required to pay an initial partial appellate filing fee of $31.29 (twenty percent of $156.44). As stated above, this initial partial appellate filing fee is to be paid to the Clerk of Court for the district court. Fed. R. App. P. 3(e).

Plaintiff is advised that § 1915 also provides that if a prisoner files more than three actions or appeals that are dismissed as frivolous or malicious or for failure to state a claim

2

upon which relief can be granted, the prisoner will be prohibited from bringing any other actions in forma pauperis, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Thus, in the event that this appeal is later dismissed for any of the above reasons, it will affect plaintiff's ability to bring future actions in forma pauperis.

## CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that within **30 DAYS** of the date of this order plaintiff shall forward to the Clerk of the District Court the sum of $31.29 as the initial partial appellate filing fee. The payment must be identified by this action's case name and district court case number. Plaintiff's failure to comply with this order may result in dismissal of the appeal.

Dated at Milwaukee, Wisconsin, this 8 day of March, 2006.


/s_____
LYNN ADELMAN
District Judge