# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY PRATT,
        Plaintiff,

v.                                                 Case No. 04-C-839

DAVE TARR,
LT. PAMELA ZANK,
CAPTAIN MICHAEL DITTMANN
and JOAN BRAUN,
        Defendants.

## ORDER

Plaintiff Anthony Pratt, who is currently incarcerated at FCI-Oxford, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding in forma pauperis on claims that he was denied access to the courts while incarcerated at the Kettle Moraine Correctional Institution.[1] There are several motions pending, which will be addressed herein.

### I. PLAINTIFF'S MOTION TO COMPEL

On March 9, 2007, plaintiff filed a motion to compel discovery. He seeks responses to his discovery requests, which he served on defendants on December 18, 2006. Defendants have not filed a response to plaintiff's motion.

---

[1] On November 18, 2005, the court granted defendants' motion for judgment on the pleadings, and judgment was entered dismissing the action on November 21, 2005. Plaintiff appealed and on November 20, 2006, the Seventh Circuit Court of Appeals issued a mandate reversing the judgment of this court and remanding the case. The court of appeals held that the complaint does state a denial of access to the courts claim. Pratt v. Tarr, 464 F.3d 730, 732-33 (7th Cir. 2006) (complaint alleging "that the defendants withheld law books, briefs, and other materials that are needed by a pro se litigant if he is to have the faintest chance of prevailing, and that as a result he lost court cases" is adequate).

Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Id.

The motion before the court appears to be plaintiff's initial request for discovery. As he has not indicated that he made any such prior demand of the defendants or engaged in the required personal consultation, court action would be premature. Accordingly, plaintiff's motion to compel will be denied. However, as discussed infra, although the deadline for the completion of discovery was March 2, 2007, defendants will be given additional time to respond to plaintiff's discovery requests.

## II. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

On March 21, 2007, plaintiff filed a motion for temporary injunction in which he requests a temporary injunction against Oxford Federal Prison staff from withholding his legal materials. Plaintiff states that prior to his arrival at FCI-Oxford he purchased various law books for use in his pending court cases because his previous institution's law library did not carry law books. However, upon arrival at FCI-Oxford, plaintiff was denied his legal books pursuant to that institution's five book limit, forcing plaintiff to choose between his

2

legal materials and other personal and religious books. Plaintiff states that "although the law library does contain books that could be used, these books can only be used at my leisure and not during the day, when I am able to draft and research in my room." (Pl.'s Mot. for Prel. Inj. ¶ 7.) Plaintiff requests that FCI-Oxford turn over all legal materials in their possession to facilitate adequately articulating any claim in four of plaintiff's pending cases.

To prevail on a motion for a preliminary injunction, plaintiff shoulders the burden of establishing: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the defendant will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. See Goodman v. Ill. Dep't of Fin. and Prof'l Regulation, 430 F.3d 432, 437 (7th Cir. 2005); see also Promatek Indus., Ltd. v. Equitrac Corp., 300 F.3d 808, 811 (7th Cir. 2002) and Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater plaintiff's chances of success on the merits, the less strong a showing plaintiff must make that the balance of harm is in his favor. Storck v. Farley Candy Co., 14 F.3d 311, 314 (7th Cir. 1994).

Plaintiff has not established a basis for injunctive relief in this case. He has not presented any argument or evidence to show that he lacks an adequate remedy at law. Moreover, there is no indication that he will suffer irreparable harm if injunctive relief is not granted. It appears that he has access to law books, albeit not when he wants. Thus, plaintiff's motion will be denied.

### III. PLAINTIFF'S MOTION TO APPOINT COUNSEL

On March 30, 2007, plaintiff filed his renewed motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, plaintiff states that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, plaintiff's renewed request for appointment of counsel will be denied without prejudice. If this case proceeds to trial, plaintiff may refile his motion.

## IV. DEFENDANTS' MOTION TO COMPEL

On May 17, 2007, defendants filed a motion to compel plaintiff to send documents and motions to defendants' counsel. Defendants move the court for an order compelling plaintiff to serve defendants' counsel with a copy of: 1) his Interrogatories and Requests for Production of Documents (Docket #46); 2) his letter informing the court he was in transit and that his new address was the Federal Correctional Institution in Oxford, Wisconsin (Docket

4

Case 2:04-cv-00839-LA   Filed 06/21/07   Page 4 of 7   Document 68

#47); 3) his motion to compel discovery (Docket #50); 4) his motion for a temporary injunction (Docket #53); 5) his motion to appoint counsel (Docket #54); and 6) his supplemental motion for appointment of counsel (Docket #55). Counsel for defendants avers that he did not respond to any of the documents listed above because he did not receive them.

In response to defendants' motion, plaintiff states that he has complied with every order set forth by the court and has made every effort to ensure that defendants' attorney has been forwarded a copy of every document he files. Plaintiff also states that, with the exception of his motion for temporary injunction, he has forwarded every copy of his motions and/or pleadings to defendants and has submitted a certificate of service with each filing.

It is unclear why plaintiff did not forward a copy of his motion for temporary injunction to counsel for the defendants. Plaintiff is reminded that he is **required** to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s). Thus, plaintiff shall send counsel for the defendants a copy of his motion for temporary injunction (Docket #53).

As for the other filings that counsel for defendants did not receive, I have no reason to disbelieve plaintiff's assertion that he did in fact put copies of these documents into the prison mailbox. However, under the circumstances, I will order the clerk's office to forward copies of these documents (Docket ## 46, 47, 50, 54, 55) to counsel for defendants.[2]

---

[2] I note that this Order resolves three of plaintiff's motions that defendants did not receive. However, resolution of these motions does not prejudice defendants because the

## V. ADDITIONAL MATTER

As noted, plaintiff made a discovery request on defendants in December 2006, which defendants never received. As defendants will be receiving a copy of this request from the clerk's office, they will be given additional time until July 20, 2007, to respond to the request.

Defendants filed a joint motion to dismiss and motion for summary judgment on May 1, 2007. Plaintiff has not filed a response to this motion. Under the applicable procedural rules, plaintiff's response to that motion should have been filed on or before May 31, 2007. However, because defendants' response to plaintiff's discovery request is forthcoming, plaintiff will be given additional time until August 20, 2007, to file his response to defendants' motion.

## VI. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Docket #50) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Docket #53) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #54) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants' motion to compel (Docket #64) is **GRANTED IN PART AND DENIED IN PART** as described herein.

---

motions are being denied.

**IT IS FURTHER ORDERED** that plaintiff shall mail a copy of his motion for temporary injunction (Docket #53) to counsel for defendants.

**IT IS FURTHER ORDERED** that the clerk's office shall mail copies of the following documents to counsel for defendants: Docket ## 46, 47, 50, 54, 55.

**IT IS FURTHER ORDERED** that defendants shall respond to plaintiff's request for interrogatories and production of documents on or before **July 20, 2007**.

**IT IS FURTHER ORDERED** that plaintiff shall file a response to defendants' motion to dismiss and motion for summary judgment on or before **August 20, 2007**.

Dated at Milwaukee, Wisconsin, this 20 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge