# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY PRATT,
        Plaintiff,

v.                                                                                   Case No. 04-C-839

DAVE TARR, LT. PAMELA ZANK,
CAPTAIN MICHAEL DITTMANN and JOAN BRAUN,
        Defendants.

## DECISION AND ORDER

Plaintiff Anthony Pratt, who is incarcerated at the United States Penitentiary - Marion, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was denied access to the courts while incarcerated at the Kettle Moraine Correctional Institution ("KMCI"). On November 18, 2005, I granted defendants' motion for judgment on the pleadings on the ground that plaintiff had failed to plead a denial of access to the courts claim with required particularity. On September 27, 2006, the Seventh Circuit Court of Appeals reversed the dismissal after finding that the complaint stated a denial of access to the courts claim. See Pratt v. Tarr, 464 F.3d 730, 732-33 (7th Cir. 2006). The Court of Appeals remanded the case for further proceedings consistent with its opinion. On May 1, 2007, defendants filed a joint motion to dismiss and motion for summary judgment. Plaintiff has since filed a cross motion for partial summary judgment.

## I. BACKGROUND

Plaintiff was incarcerated at KMCI at all times relevant to this action. As I stated in my decision regarding defendants' earlier motion for judgment on the pleadings, in plaintiff's complaint, he

alleges that defendant Dave Tarr violated his right of access to the courts by requiring plaintiff to exchange legal property in his possession for legal property that he wanted from storage; failing to ensure his subordinates provided him with "basic scribe materials, carbon paper, [and] a storage receptacle"; and by failing to ensure his subordinates released plaintiff's legal property to him. (Compl. ¶ IV.A.1.) Plaintiff alleges that defendant Pamela Zank continually refused to release his legal property to him, seized his legal materials, and wrote a false conduct report regarding stolen law books. Plaintiff asserts that defendant Michael Dittman violated his right of access to the courts by allowing his subordinates to withhold plaintiff's legal property and authorizing a "sham" hearing for the conduct report regarding stolen law books. Plaintiff claims that defendant Joan Braun interfered with his legal mail and failed to mail a civil rights complaint for seven days.

(Nov. 18, 2005 Decision & Order.) In his motion for partial summary judgment, plaintiff emphasizes that defendants' failure to provide storage receptacles in segregation cells violated a state administrative regulation. Defendants argue that plaintiff has failed to provide evidence of any injury and that plaintiff failed to allege that each defendant was personally responsible for any violation.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For a fact to be material, it must relate to a matter that "might affect the outcome of the suit." Id.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the

2

moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy his initial burden simply by pointing out the absence of evidence. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989). In considering a motion for summary judgment, the court may consider any materials that would be admissible at trial. Woods v. City of Chicago, 234 F.3d 979, 988 (7th Cir. 2000). It must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, the court is "not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

The fact that both parties have moved for summary judgment, and thus both parties are arguing that there is no genuine issue of fact, does not empower me to enter judgment as I see fit. See 10A Charles Alan Wright et al. § 2720 at 327-28 (3d ed. 1998). I may grant summary judgment only if one of the parties is entitled to judgment as a matter of law on the basis of the material facts not in dispute. See Mitchell v. McCarty, 239 F.2d 721, 723 (7th Cir. 1957). Each party, as a movant for summary judgment, bears the burden of showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law. The fact that one party fails to satisfy that burden on its own motion does not

3

automatically indicate that the opposing party has satisfied its burden and must be granted summary judgment on the other motion. See Wright et al., supra, § 2720 at 335.

### III. DISCUSSION

It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). This right "requires prisoner authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. To prevail on an access to the courts claim, an inmate must show that the prison hindered him in his efforts to pursue a particular legal claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Alston v. DeBruyn, 13 F.3d 1036, 1040-41 (7th Cir. 1994). Even if the inmate can establish an "absolute deprivation of access to all legal materials," his claim will fail absent identification of some injury linked to the deprivation. Lewis, 518 U.S. at 353 n.4. To establish injury, an inmate need not show that if he had been provided with adequate legal facilities he would have prevailed in a lawsuit. Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998); see also Hoard v. Reddy, 175 F.3d 531, 533 (7th Cir. 1999). He need only show that he was prevented "from litigating a nonfrivolous case." Walters, 163 F.3d at 434.

Plaintiff has not presented any evidence that defendants prevented him from litigating a nonfrivolous case. Plaintiff contends that he does not need to set forth specific cases in which he was prejudiced "as the violation occurred when KMCI refused to give me all my personal legal property upon entry of KMCI segregation unit." (Pl.'s Br. at 6.) This is incorrect as a matter of law. See Lewis, 518 U.S. at 353 n.4; Walters, 163 F.3d at 434. Plaintiff goes on to say:

4

> The denial of a storage receptacle, desk and chair and access to carbon paper, are all first amendment violations and subject to review. Plaintiff believes that the record to this case at bar, his proposed finding of facts, his declaration in support of partial summary judgment and all exhibits (1) thru (5) more than adequately proves a denial of access to the courts, to the extent that no showing of a particular case is necessary in order to recover damages in this case.
>
> In the event defendants' [sic] complain that plaintiff failed to detail what cases he lost, Plaintiff reminds the defendants' [sic] that he has already identified the cases lost, and that all sworn affidavits shows the precise causal connection between particular legal materials withheld and particular adverse rulings for the many inmates he was assisting, and the cases he was defending for himself. (Complaint Section III, IV & pg. 9)

Id. at 7.

Plaintiff's previously filed exhibits (exhibits that he filed in opposition to defendants' April 14, 2005, motion to dismiss), many of which plaintiff re-filed in support of his motion for partial summary judgment, do not establish that defendants injured him. The Seventh Circuit recognized this when it noted that plaintiff, in opposing the defendants' motion to dismiss, had identified cases that he was litigating but had not provided evidence of the "causal connection between particular legal materials withheld and particular adverse rulings." Pratt, 464 F.3d at 733. That court further noted:

> The district judge went through the exhibits and found that none showed that the withholding of materials of which the plaintiff complained had affected the outcome of the suits. But one would not expect the filings to show this. At some point in this suit the plaintiff will be required to prove that because he lacked law books or briefs or other materials he lost one or more of the cases. That showing is not required at the pleadings stage. There the only question is the adequacy of the pleadings "to allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit," and to place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense.

5

Id. (internal citations omitted). This case is long past the pleadings stage, but plaintiff has failed to make any showing that "because he lacked law books or briefs or other materials he lost one or more of the cases." Id. As such, assuming that defendants significantly limited the amount of legal materials that plaintiff could have in his cell at any time; refused to give plaintiff a desk, chair, carbon paper or storage receptacle; delayed mailing an institutional account statement to a court; temporarily confiscated certain legal materials in order to remove heavy duty staples and paper clips from them; and falsely accused plaintiff of stealing legal books, they are nevertheless entitled to summary judgment.[1] Such actions cannot give rise to a claim of denial of access to the courts when there is no evidence that they actually impeded the plaintiff's access to the courts.

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 13 day of March, 2008.

/s
LYNN ADELMAN
District Judge

---

[1] Because defendants are entitled to summary judgment, I need not address their alternative motion to dismiss.

6